USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X

**Brave Bulk Transport, Ltd.**

     v.

**Spot On Shipping, Ltd. et al**

---------------------------------------------------- X

07 cv 4546 (CM)

McMahon, J.:

## DECISION AND ORDER VACATING ATTACHMENT
## AND DISMISSING CASE

McMahon, J.:

On November 2, 2009, the Court issued an order to show cause directing plaintiff to show cause why the maritime attachment in this case should not be vacated in light of Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), and the Complaint dismissed for lack of jurisdiction. Plaintiff argues *inter alia* that vacature and dismissal are not warranted because: (1) *Jaldhi* should not be applied retroactively; and (2) the funds in this case are no longer Electronic Fund Transfers ("EFTs") and, thus, not subject to Jaldhi. These arguments have no merit.

First, the Court of Appeals for the Second Circuit recently decided that Jaldhi applies retroactively. Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009). That disposes of plaintiff's first argument.

Second, the fact that the bank restraining the funds may have transferred the funds to a separate account does not remove them from the scope of Jaldhi. "No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached." See Argus Development Inc. v. Steelcore Trading Ltd., 2009 WL 4016626 (S.D.N.Y.), November 16, 2009)(JGK).

The Court has carefully considered all of the arguments presented. To the extent not specifically addressed in this Opinion they are either moot or without merit. Accordingly, the attachment order is vacated.

Plaintiff has not demonstrated any basis for asserting in personam jurisdiction over

defendant. As the now-vacated EFT attachment is the only asserted basis of jurisdiction, the action must be dismissed. The Clerk of the Court is directed to terminate the motion and to close the case.

SO ORDERED:

Colleen McMahon
U.S.D.J.

Dated: January 13, 2010
New York, New York